RECEIPT # _____
AMOUNT $ 250
SUMM~ ISSUED Y-11
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 9-7-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

W. MITT ROMNEY, in his official capacity as Governor of the Commonwealth of Massachusetts,

Plaintiff,

v.

DONALD H. RUMSFELD, in his official capacity as Secretary of Defense of the United States of America,

THE DEFENSE BASE CLOSURE AND REALIGNMENT COMMISSION,

ANTHONY J. PRINCIPI, in his official capacity as Chairman of the Defense Base Closure and Realignment Commission, and

JAMES H. BILBRAY, PHILIP COYLE, HAROLD W. GEHMAN, JR., JAMES V. VINSON, JAMES T. HILL, LLOYD W. NEWTON, SAMUEL K. SKINNER, and SUE E. TURNER, in their official capacities as members of the Defense Base Closure and Realignment Commission,

Defendants.

CIVIL ACTION
NO. 05-CV-

05-11821 GAO

## COMPLAINT

1. This complaint arises from actions of the Department of Defense and the Defense Base Closure and Realignment Commission ("BRAC Commission") recommending the closure of Otis Air National Guard Base in Barnstable, Massachusetts, the movement of fifteen F-15 aircraft from Otis ANGB to Barnes Air National Guard Base in Westfield, Massachusetts and the movement of fifteen A-10 aircraft from Barnes ANGB to other States, without seeking or

obtaining the approval of the Governor of the Commonwealth of Massachusetts. The plaintiff Governor has declined to consent to such closure and movement of aircraft and seeks (1) a temporary restraining order and a preliminary injunction enjoining the defendants, pending a final decision by this Court on all of plaintiff's claims and until further order of the Court, from transmitting a final report to the President of the United States, due on September 8, 2005, pursuant to the Base Closure and Realignment Act of 1990, 104 Stat. 1808, as amended, note following 10 U.S.C. § 2687 (West 1998, 2005 Supp.) (the "BRAC Act"), that includes the recommendation to close Otis Air National Guard Base, the movement of fifteen F-15 aircraft from Otis ANGB to Barnes Air National Guard Base in Westfield, Massachusetts and the movement of fifteen A-10 aircraft from Barnes ANGB to other States, without the consent of the Governor and (2) a declaration that such a report violates the United States Constitution, Article I, § 8, cl. 16, and 32 U.S.C. § 104, and 10 U.S.C. § 18238.

## PARTIES

2.  Plaintiff W. Mitt Romney (the Governor) is the duly elected Governor of the Commonwealth of Massachusetts (the Commonwealth). The Governor is the "commander-in-chief" of the "military forces" of the Commonwealth and has the power under its constitution "to assemble the whole or any part of them for training, instruction or parade, and to employ them for the suppression of rebellion, the repelling of invasion, and the enforcement of the laws." Massachusetts Constitution Pt. 2, c. 2, § 1, art. 7. Governor Romney is the commander-in-chief of the Massachusetts National Guard. Id.

3.  Defendant Donald H. Rumsfeld ("Secretary Rumsfeld") is the Secretary of Defense of the United States Department of Defense (DoD). He is sued in his official capacity.

The BRAC Act sets forth the process by which military bases in the United States and its territories are identified for closure or realignment. Pursuant to the BRAC Act, Secretary Rumsfeld is authorized to make recommendations for the closure and realignment of military bases in the United States to the BRAC Commission. He is authorized to oversee, direct, and implement the closure or realignment of military bases pursuant to the BRAC process.

4. Anthony J. Principi is the Chairman of the BRAC Commission. He is sued in his official capacity.

5. Defendants James H. Bilbray, Philip Coyle, Harold W. Gehman, Jr., James V. Vinson, James T. Hill, Lloyd Newton, Samuel K. Skinner and Sue E. Turner are members of the BRAC Commission (collectively "the BRAC Commissioners"). The BRAC Commissioners are sued in their official capacities.

## JURISDICTION AND VENUE

6. This action arises under the Militia Clause of the United States Constitution, art. 1, § 8, cl. 16, and the following federal statutes: 10 U.S.C. § 18238 and 32 U.S.C. § 104. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States.

7. This Court has authority to enter a declaratory judgment in this action under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(2) because a substantial part of the acts on which this action is based occurred within this district and a substantial part of the property that is the subject of this action is situated within this judicial district.

## FACTUAL ALLEGATIONS

### The Recommendations of the Secretary

9. On May 13, 2005, Secretary Rumsfeld transmitted to the BRAC Commission the Department of Defense Base Closure and Realignment Report ("BRAC DoD Report").

10. The BRAC DoD Report was prepared by the Department pursuant to the BRAC Act.

11. The BRAC DoD Report contains the Department's recommendations to realign or close military installations within the United States and its territories.

12. While preparing its BRAC DoD Report, the Department considered the requirements of installations used by the Air National Guard of the United States.

13. The Secretary recommended closure of Otis Air National Guard Base (Otis ANGB) and the distribution of fifteen F-15 Primary Assigned Aircraft (PAA) of the 102d Fighter Wing to Air Guard Stations in Florida and New Jersey.

### The BRAC Commission Report
### and Action by the President and Congress

14. Pursuant to Section 2914(d)(1) of the BRAC Act, the BRAC must transmit its report, "containing its findings and conclusions based on a review and analysis of the Secretary's recommendations," to the President by September 8, 2005. Id. The President has until September 23, 2005, to review the recommendations of the Secretary and the Commission and prepare a report containing his approval or disapproval of the Commission's recommendations in their entirety. Id. § 2914 (e)(1). If the President disapproves the Commission's

recommendations in their entirety, the Commission may prepare a revised list of recommendations and transmit those to the President by October 20, 2005. Id. § 2914 (e)(2). If the President disapproves the revised recommendations, the 2005 BRAC process is terminated. Id. § 2914 (e)(3). If the President approves either the original or revised recommendations, he must send the approved list and a certification of approval to Congress. Id. § 2903 (e). If Congress does not enact a resolution disapproving the approved recommendations in their entirety within 45 days after receiving the President's certification of approval, the Secretary must carry out all of the recommendations. Id. § 2904 (a).

15. In each of the four previous BRAC processes—occurring in 1988, 1991, 1993, and 1995— the President approved the BRAC Commission's recommendations in their entirety.

16. Congress has never disapproved the President's base closure and realignment decisions.

17. On August 26, 2005, the BRAC announced that its report to the President will recommend that (1) Otis ANGB be closed, (2) the 102nd Fighter Wing's fifteen F-15 PAA aircraft be moved to Barnes Air National Guard Base in Westfield, Massachusetts; and (3) the 104th Fighter Wing's fifteen A-10 PAA be moved from Barnes ANGB to other States.

**Otis and Barnes ANGB**

18. Otis ANGB is located in Barnstable, Massachusetts, within the Massachusetts Military Reservation and wholly within the Commonwealth.

19. Approximately 1000 military positions are currently allotted to the 102d Fighter Wing at Otis NGB. Approximately 1000 military positions are currently allotted to the 104th Fighter Wing as Barnes ANGB. A substantial number of the members of these wings have

combat and homeland defense experience. The 102nd and 104th Fighter Wings constitute a well-trained, mission-ready state military force available to the Governor to perform state activity duty missions dealing with homeland security, natural disasters and other state missions.

20. The closure of Otis ANGB and the movement of the fifteen A-10 PAA of the 104th Fighter Wing at Barnes ANGB and related actions will deprive the Governor of a significant amount of the total strength of the Massachusetts Air National Guard and will reduce the strength of Massachusetts military forces.

21. These actions will deprive the Governor and the Commonwealth of a key joint base of operations possessing current and future military capabilities for homeland security missions throughout the Northeast United States.

22. The 102nd Fighter Wing at Otis ANGB and the 104th Fighter Wing at Barnes ANGB are organized as units of the Massachusetts Air National Guard (state) and Air Combat Command (federal).

23. The recommendations of the BRAC Commission regarding Otis and Barnes, if implemented, would constitute a change in the branch, organization or allotment of the units.

24. In May 2005 and at all times subsequent to Secretary Rumsfeld's transmittal of the BRAC DoD Report to the BRAC Commission and the BRAC Commission's recommendations regarding Otis ANGB and Barnes ANGB, more than half of the forces there were not and currently are not in active federal service.

25. The recommendations of the BRAC Commission regarding Otis ANGB and Barnes ANGB constitute a relocation or withdrawal of a unit of the Air National Guard.

26. At no time during the 2005 BRAC process has Secretary Rumsfeld requested or

obtained the approval of Governor Romney or his authorized representatives to withdraw or change the branch, organization or allotment of the units of the Massachusetts Air National Guard at issue.

27.   At no time during the 2005 BRAC process has any authorized representative of Secretary Rumsfeld, the Department, or the BRAC Commission requested or obtain the approval of Governor Romney or his authorized representatives to withdraw or change the branch, organization or allotment of the units of the Massachusetts ANG at issue.

28.   On September 1, 2005, Governor Romney sent a letter to Secretary Rumsfeld and Chairman Principi stating that he has not consented to the closure of Otis ANGB or the reassignment of the aircraft of the 102nd or 104th Fighter Wings. A copy of Governor Romney's letter is attached to this complaint as Exhibit A.

### RIPENESS FOR JUDICIAL REVIEW

29.   Pursuant to the military base closure and realignment process set forth in the BRAC Act, Secretary Rumsfeld has finally and completely fulfilled his obligation to make recommendations with respect to the 2005 round of realignments and closure of military installations. No further action by the Secretary or the Department is required before Otis ANGB is closed and the fifteen A-10 PAA from Barnes ANGB are ordered moved.

30.   Pursuant to the military base closure and realignment process set forth in the BRAC Act, the BRAC Commission has finally and completely fulfilled its reporting requirements with respect to the 2005 round of realignments and closure of military installations, save for its duty to transmit its report to the President by September 8, 2005. No further action by the BRAC Commission is required before Otis ANGB is closed and the fifteen A-10 PAA

from Barnes ANGB are moved.

**IRREPARABLE HARM**

31. The Governor's right to withhold consent to action to close, relocate, realign, withdraw, deactivate, or change the branch, organization or allotment of Otis ANGB and the 15 A-10 aircraft at Barnes ANGB has been nullified by the recommendations of the Secretary and the BRAC Commission.

32. Neither the President nor Congress may remove Otis and Barnes ANGB from the list of recommended closures and realignments unless they reject the BRAC Commission's recommendations in their entirety. Furthermore, it would be historically unprecedented for the President or Congress to reject an entire slate of closure and realignment recommendations. Moreover, as described above, the closure and realignment recommendations will become law within 45 legislative days after the President approves them. The President must act by September 23, 2005.

33. Absent a temporary restraining order, the harm as alleged herein will be irreparable. The recommendations of the Commission would nullify the power of the Governor to withhold his consent, deprive him of a vital homeland security asset, degrade his ability to defend the security of the citizens of the Commonwealth, and deter enlistments and re-enlistments in the Massachusetts Air National Guard.

Absent a temporary restraining order, and after action by the President on or before September 23, 2005, judicial review of the report of the Commission may be contested by the United States under <u>Dalton v. Specter</u>, 511 U.S. 462 (1994).

## FIRST CLAIM FOR DECLARATORY RELIEF (MILITIA CLAUSE)

34. Plaintiff incorporates by reference and re-allege paragraphs 1 through 33, above.

35. Article I, § 8, cl. 16, authorizes Congress to "provide for organizing, arming, and disciplining, the Militia, and for governing such Part of them as may be employed in the service of the United States, reserving to the States respectively, the Appointment of the Officers, and the Authority of training the Militia according to the discipline prescribed by Congress."

36. The National Guard is the militia reserved to the States by Article I, § 8, cl. 16.

37. Pursuant to Article I, § 8, cl. 16, no base, branch, organization or allotment of a National Guard unit not then in federal service and located entirely within a State may be closed or materially changed by the Secretary or the Commission without the consent of the Governor of that State.

38. The Commission, in recommending that Otis ANGB be closed and that the PAA at issue at Otis and Barnes ANGB be moved, and the Secretary, in proposing to take action to close Otis ANGB, have violated the Militia Clause.

## SECOND CLAIM FOR DECLARATORY RELIEF (32 U.S.C. § 104)

39. Plaintiff incorporates by reference and re-allege paragraphs 1 through 38, above.

40. Title 32 U.S.C. § 104(a) provides that "each State . . . may fix the location of the units and headquarters of its National Guard."

41. Title 32 U.S.C. § 104(c) provides that "no change in the branch, organization, or allotment of a unit located entirely within a State may be made without the approval of its governor."

42. The National Guard is the militia reserved to the States by Article I, § 8, cl. 16.

43. The Commission, in recommending that Otis ANGB be closed and that the PAA at issue at Otis and Barnes ANGB be moved, and the Secretary, in proposing to take action to close Otis ANGB, have violated 32 U.S.C. § 104.

### THIRD CLAIM FOR DECLARATORY RELIEF (10 U.S.C. § 18238)

44. Plaintiff incorporates by reference and re-allege paragraphs 1 through 43.

45. Title 10 U.S.C. § 18238 provides: "A unit of the Army National Guard of the United States or the Air National Guard of the United States may not be relocated or withdrawn under this chapter without the consent of the governor of the State . . . ."

46. The National Guard is the militia reserved to the States by Article I, § 8, cl. 16.

47. The Commission, in recommending that Otis ANGB be closed and the PAA at issue at Otis and Barnes ANGB be moved, and the Secretary, in proposing to take action to close Otis ANGB, have violated 10 U.S.C. § 18238.

### PRAYERS FOR RELIEF

WHEREFORE, Governor Romney requests that the Court grant the following relief:

a. temporarily restrain the Commission, Chairman Principi, and the BRAC Commissioners from including recommendations to close Otis ANGB, move fifteen F-15 aircraft from Otis ANGB to Barnes Air National Guard Base in Westfield, Massachusetts, and move fifteen A-10 aircraft from Barnes to other States in their final report and recommendations to be transmitted to the President on or before September 8, 2005;

b. preliminarily enjoin the Commission, Chairman Principi, and the BRAC

Commissioners from including recommendations to close Otis ANGB, move fifteen F-15 aircraft from Otis ANGB to Barnes Air National Guard Base in Westfield, Massachusetts, and move fifteen A-10 aircraft from Barnes to other States in their final report and recommendations to be transmitted to the President on or before September 8, 2005;

c. permanently enjoin the Commission, Chairman Principi, and the BRAC Commissioners from including recommendations to close Otis ANGB, move fifteen F-15 aircraft from Otis ANGB to Barnes Air National Guard Base in Westfield, Massachusetts, and move fifteen A-10 aircraft from Barnes to other States in their final report and recommendations to be transmitted to the President on or before September 8, 2005.

d. declaring that the Commission, in recommending that Otis ANGB be closed, fifteen F-15 aircraft be moved from Otis ANGB to Barnes ANGB, and fifteen A-10 aircraft at Barnes ANGB be moved to other States, or otherwise taking action to accomplish these ends without the consent of the Governor, has violated the Militia Clause of the United States Constitution;

e. declaring that the Commission, in recommending that Otis ANGB be closed, fifteen F-15 aircraft be moved from Otis ANGB to Barnes ANGB, and fifteen A-10 aircraft at Barnes ANGB be moved to other States, or otherwise taking action to accomplish these ends without the consent of the Governor, has violated 32 U.S.C. § 104;

f. declaring that the Commission, in recommending that Otis ANGB be closed,

fifteen F-15 aircraft be moved from Otis ANGB to Barnes ANGB, and fifteen A-10 aircraft at Barnes ANGB be moved to other States, or otherwise taking action to accomplish these ends without the consent of the Governor, has violated 10 U.S.C. § 18238;

g. declaring that the challenged portions of the BRAC DoD report are null and void;

h. declaring that the portion of the BRAC Report that recommends that Otis ANGB be closed, fifteen F-15 aircraft be moved from Otis ANGB to Barnes ANGB, and fifteen A-10 aircraft at Barnes ANGB be moved to other States, is null and void;

i. enjoining the Secretary from taking any action to close Otis ANG, move the fifteen F-15 aircraft from Otis ANGB to Barnes ANGB, or move the fifteen A-10 aircraft at Barnes ANGB to other States; and

j. awarding such further relief as the Court deems appropriate.

W. MITT ROMNEY
GOVERNOR OF THE
COMMONWEALTH OF MASSACHUSETTS

By his attorneys,
THOMAS F. REILLY
ATTORNEY GENERAL

_____
David R. Kerrigan, BBO # 550843
Thomas A. Barnico, BBO # 030040
Assistant Attorneys General
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2050, 3380

Dated: September 7, 2005

Case 1:05-cv-11821-GAO    Document 1    Filed 09/07/2005    Page 13 of 14



THE COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE DEPARTMENT
STATE HOUSE • BOSTON 02133
(617) 725-4000

**MITT ROMNEY**
GOVERNOR

**KERRY HEALEY**
LIEUTENANT GOVERNOR

September 1, 2005

The Honorable Donald H. Rumsfeld
Secretary of Defense
1000 Defense Pentagon
Washington, DC 20310-1000

The Honorable Anthony J. Principi, Chairman
Base Realignment and Closure Commission
Polk Building, Suite 600
2521 South Clark Street
Arlington, VA 22202

Dear Secretary Rumsfeld and Chairman Principi:

I am writing to state that I have not consented to the following:

(1) The Department of Defense's recommendation to close Otis Air National Guard (ANG) Base and move the 102nd Fighter Wing's aircraft to bases in other states;

(2) The BRAC Commission's recommendation to move the 102nd Fighter Wing's 18 F-15 aircraft from Otis ANG Base to Barnes ANG Base and close Otis ANG Base; and

(3) The BRAC Commission's recommendation to move the 104th Fighter Wing's 15 A-10 aircraft from Barnes ANG base to other states.

Because I have not consented to the closure of Otis ANG Base, the reassignment of the 102nd Fighter Wing's aircraft, or the reassignment of the 104th Fighter Wing's aircraft, these recommendations appear to violate 10 U.S.C. Section 18238 and 32 U.S.C. Section 104(c), which require gubernatorial consent for such actions.

Sincerely,

Mitt Romney
Governor

PRINTED ON RECYCLED PAPER

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
W. Mitt Romney, in his official capacity as Governor of the Commonwealth of Massachusetts,

(b) County of Residence of First Listed Plaintiff: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Thomas A. Barnico, Assistant Attorney General
One Ashburton Place, Boston, MA 02108

## DEFENDANTS
Donald H. Rumsfeld, Secretary of Defense, Defense Base Closure and Realignment Comm'n, Anthony J. Principi, Chairman, and James H. Bilbray, Philip Coyle, Harold W. Gehman, Jr., James V. Vinson, James T. Hill, Lloyd W. Newton, Samuel K. Skinner, and Sue E. Turner, as members of the Defense Base Closure and Realignment Comm'n

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
United States Attorney Michael Sullivan, One Courthouse Way, Suite 9200, Boston, MA 02210

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Defendants' actions in recommending closure of Otis Air National Guard Base without obtaining approval of Govenor violates U.S. Const. art. 1, § 8, cl. 16, 32 U.S.C. § 104 and 10 U.S.C. § 18238

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 9/7/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __W. Mitt Romney v. Donald H. Rumsfeld__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases
   - [ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.
   - [ ] IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [✓]

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  __Thomas A. Barnico, Assistant Attorney General__
ADDRESS  __One Ashburton Place, Boston, MA 02108__
TELEPHONE NO.  __(617) 727-2200, ext. 3380__

(CategoryForm.wpd - 5/2/05)